IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02584-BNB

ZARISSA AZRIEL LIRIEL QZ'ETAX, a.k.a. SEAN DORN,

   Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
JOE ORTIZ,
GARY GOLDER,
MARY COX,
CAPTIN [sic] GIBSON, and
ELIZABETH KING,

   Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 31 2006

GREGORY C. LANGHAM
CLERK

---

ORDER TO AMEND COMPLAINT

---

Plaintiff Zarissa Azriel Liriel Qz'Etaz, a.k.a. Sean Dorn, is incarcerated at the Colorado Department of Corrections (DOC) and currently is held at the Sterling, Colorado, Correctional Facility. On December 9, 2005, Plaintiff submitted a Prisoner Complaint to the Court. Magistrate Judge O. Edward Schlatter reviewed the Complaint, determined that the document was deficient, and directed Plaintiff to cure the deficiencies, which she did on January 4. On January 11, Magistrate Judge Schlatter granted Plaintiff permission to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe the Complaint liberally, because Plaintiff is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid

claim on which [a] plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, a court should not act as a ***pro se*** litigant's advocate. *See id.*

In the Complaint, Plaintiff asserts two claims. In Claim One, Plaintiff alleges that the DOC Administrative Regulation 850-14 denies indigent supplies to inmates who are actually indigent. Plaintiff further contends that, because all inmates are considered to be employed and receive $.23 per day as "unassigned pay," all inmates are excluded from indigency status. Plaintiff concludes that the policy forces inmates, regardless of their true indigency status, to be deprived of necessary items. Plaintiff also states that because the DOC takes fifty percent of the unassigned pay there is no money to purchase any legal or hygiene supplies.

In Claim Two, Plaintiff asserts that Administrative Regulation 850-14 violates a prisoner's First and Eighth Amendment rights, as well as the Universal Declaration of Human Rights. Plaintiff further asserts on Attachments Two through Three that under Administrative Regulation 850-14, even though a prisoner's account has a negative balance, an inmate is not considered indigent and is denied any form of assistance if the inmate receives unassigned pay.

Plaintiff further asserts that due to the inability to purchase items from the canteen she is deprived of a comb, soap, shampoo, conditioner, toothbrush, tooth powder, toilet paper, feminine hygiene supplies, and, if needed, denture cleaner and adhesives, which are provided to inmates classified as indigents under Administrative

Regulation 850-14. Plaintiff concludes that she has suffered both physical and psychological injuries, because she is not able to maintain proper hygiene, and, as a result, she is severely depressed. (Compl. at Attach. 3.)

Plaintiff also asserts that she is denied writing paper, envelopes, and stamps, which are necessary for her to maintain "community ties" (Compl. at Attach. 3.) Plaintiff concludes that the inability to maintain community ties poses the threat that she will reoffend when released, because she will lack the support from others to keep her from reoffending. (Compl. at Attach. 3.)

Although Plaintiff has named five individuals in the instant action, she has failed to identify what each Defendant did to violate her constitutional rights. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).

Plaintiff also has failed to assert a physical injury due to her inability to buy hygiene items. Although Plaintiff asserts a substantial physical injury and severe depression, she does not state specifically what the physical injury is that she has incurred. Plaintiff further fails to assert what specific hygiene items she was denied, especially when her inmate account statement indicates that on four occasions from

May 15, 2005, until January 9, 2006, she purchased hygiene items. Plaintiff also fails to allege when she was not able to write to friends or family.

Plaintiff also should note that Defendant Colorado Department of Corrections is an agency of the State of Colorado. *See* Colo. Rev. Stat. § 24-1-128.5 (2000). As such, the facility is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, Defendant Colorado Department of Corrections is an inappropriate party to the action. Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this Order,** an Amended Complaint that complies with the Order. Plaintiff shall allege what each Defendant did to violate her constitutional rights. It is

FURTHER ORDERED that the Amended Complaint shall be titled, "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States

District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of a Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Plaintiff fails to file, **within thirty (30) days from the date of this Order,** an original and sufficient copies of an Amended Complaint that complies with this Order, to the satisfaction of the Court, the action will be dismissed without further notice.

DATED January 31, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02584-OES

Zarissa Liriel Qz'Etax
a/k/a Sean Dorn
Prisoner No. 113868
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 1/31/06

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk