IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 7 - 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02584-BNB

ZARISSA AZRIEL LIRIEL QZ'ETAX, a.k.a. SEAN DORN,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
JOE ORTIZ,
GARY GOLDER,
MARY COX,
CAPTIN [sic] GIBSON, and
ELIZABETH KING,

    Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AMENDED COMPLAINT

_____

    The matter before the Court is Plaintiff's Amended Complaint filed February 10,

2006. Previously on January 31, 2006, the Court instructed Plaintiff to file an Amended

Complaint. The Clerk of the Court sent two copies of the Prisoner Complaint form to

Plaintiff to use in filing the Amended Complaint. In response to the January 31 Order,

Plaintiff filed an Amended Complaint but did not use a Court-approved form. Plaintiff

stated in the Amended Complaint she filed that, because an amended complaint is not

an "initial filing," no boiler-plate forms need to be used. (Am. Compl. at 1.)

    Plaintiff refers to *Qz'Etax v. Ortiz, et al.*, No. 04-cv-00377-WYD-CBS (D. Colo.

June 14, 2005), in which she claims she filed amended complaints but was not required

to use a Court-approved form. Plaintiff also relies on D.C.COLO.LCivR 8.2A. for her

argument that forms are only required when initiating an action.  Plaintiff, however, misreads Local Rule 8.2A.  The Rule states that a "*pro se* prisoner shall use the forms established by this court to file an action."  Simply because Plaintiff was able to file amended complaints that were not on Court-approved forms in a previous case does not exempt her from having to file an amended complaint on a Court-approved form in the instant action for the purposes of an initial review.

Furthermore, other than to require the use of a form to obtain all of the necessary information, the Court requires *pro se* litigants to use Court-approved forms to assure litigants abide by local rules.  One of the local rules Plaintiff is required to follow is D.C.COLO.LCivR 10.1F., which reads that "[t]ext shall be printed on one sided of the page only."  Here, in the Amended Complaint, Plaintiff failed to follow Rule 10.1F, because she has written on both sides of the page.

Plaintiff is instructed that an amended complaint supersedes the original complaint.  *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985); *Cameron v. Fogarty*, 705 F.2d 676 (2d Cir. 1983); *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981); 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1476 (1990).  Plaintiff's Amended Complaint must contain all information requested on the Court-approved Prisoner Complaint form.  The Amended Complaint that Plaintiff filed does not contain all the required information.  Again, Plaintiff will be directed to amend her Complaint and file a Second Amended Complaint on a Court-approved form.

The Court also finds that upon further review of Plaintiff's Amended Complaint

2

filed February 10, 2006, it is not clear that Plaintiff has exhausted the claims that she raises. Plaintiff asserts that she has been denied hygiene items for over a year, and as a result she has suffered bleeding gums and skin, staph, and fungal infections. The grievance response that Plaintiff attached to the original Complaint does not address the lack of hygiene items and the physical injuries that resulted. The Step III grievance response to Plaintiff simply denies her indigency status. The response also does not refer to Plaintiff's alleged inability to obtain writing materials and postage.

Section 1997e(a) "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Without knowing the substance of Plaintiff's claims that were addressed in the Step III grievance response, the Court is not able to determine whether or not Plaintiff has exhausted the hygiene claim and the writing materials and postage claims. Plaintiff is instructed to provide to the Court a copy of the grievance that she filed in Grievance No. SFO4/05-650, which states the claims that she raised.

Plaintiff also is reminded that § 1997e(a) imposes a total exhaustion requirement on prisoners. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if a plaintiff has not exhausted administrative remedies with respect to any one of the claims that she raises the entire complaint must be dismissed.

Moreover, Plaintiff again asserts claims against the Colorado Department of Corrections. The Colorado Department of Corrections is an inappropriate party to the action. The Eleventh Amendment applies to all suits against the state and its agencies,

regardless of the relief sought. *See **Higganbotham v. Okla. Tramsp. Com'n**,* 328 F.3d 638, 644 (10th Cir. 2003).  Accordingly, it is

ORDERED that Plaintiff shall file, **within thirty days from the date of this Order**, a Second Amended Complaint on a Court-approved form, including an original and sufficient copies for the purpose of service on each properly named Defendant.  It is

FURTHER ORDERED that the Second Amended Complaint shall be titled, "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff, together with a copy of this Order, two copies of the Prisoner Complaint form.  It is

FURTHER ORDERED that if Plaintiff fails to file **within thirty days from the date of this Order** a Second Amended Complaint that complies with this Order the action will be dismissed without further notice.

DATED March 7, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No.  05-cv-02584-OES

Zarissa Liriel Qz'Etax
a/k/a Sean Dorn
Prisoner No. 113868
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

     I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on _3·7·06_

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk